IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROOSEVELT JERMAINE COLEMAN,          No. CIV-S-00-0567 MCE/JFM P

    Petitioner,

  v.                                   <u>ORDER</u>

JAMES ROWLAND,

    Respondent.
_____/

    Petitioner, a state prisoner proceeding through counsel, has timely filed a notice of appeal of this court's May 4, 2005, denial of his application for a writ of habeas corpus.  Before petitioner can appeal this decision, a certificate of appealability must issue.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).
///

1

1 The certificate of appealability must "indicate which specific
2 issue or issues satisfy" the requirement.  28 U.S.C.
3 § 2253(c)(3).
4    A certificate of appealability should be granted for any
5 issue that petitioner can demonstrate is "'debatable among
6 jurists of reason,'" could be resolved differently by a different
7 court, or is "'adequate to deserve encouragement to proceed
8 further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir.
9 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).[1]
10    Petitioner has made a substantial showing of the denial of a
11 constitutional right in the following issues presented in the
12 instant petition: (1) whether his conviction for conspiracy to
13 commit murder violates the Fourteenth Amendment because of the
14 probability that the jurors did not find an actual intent to
15 kill; (2) whether the merging of separate conspiracies into one
16 conspiracy prevented him from presenting a defense, in violation
17 of the Sixth and Fourteenth Amendments; (3) whether the merging
18 of two separate conspiracies into one conspiracy violated his
19 Fourteenth Amendment right to notice of the charges against him;
20 (4) whether his Fourteenth Amendment right to due process was
21 violated by a jury instruction on adoptive admissions;
22 ///

---

[1] Except for the requirement that appealable issues be specifically identified, the standard for issuance of a certificate of appealability is the same as the standard that applied to issuance of a certificate of probable cause. Jennings, at 1010.

2

1 and (5) whether his Fourteenth Amendment right to due process was
2 violated by improper reference to other crimes.

3   Petitioner has also filed a request to proceed in forma
4 pauperis on appeal.  The court file reflects that petitioner paid
5 the filing fee for this action.  Rule 24(a) of the Federal Rules
6 of Appellate Procedure provides, in part, that where a petitioner
7 has not been granted leave to proceed in forma pauperis in the
8 district court action, a motion for leave to appeal in forma
9 pauperis on appeal must attach an affidavit that "shows in the
10 detail prescribed by Form 4 of the Appendix of Forms the party's
11 inability to pay or to give security for fees and costs."
12 Petitioner has attached the appropriate affidavit.  Accordingly,
13 his request to proceed in forma pauperis on appeal will be
14 granted.

15   Petitioner's counsel has filed a motion to withdraw as
16 attorney of record.  Counsel states that he was appointed to
17 represent petitioner in his state appeal and that he has been
18 representing him in this federal habeas corpus action without
19 remuneration.  He requests that different counsel be appointed to
20 represent petitioner for any further proceedings.  Pursuant to
21 Local Rule 83-182(d), an attorney who has appeared may not
22 withdraw leaving the client <u>in propria persona</u> without leave of
23 Court.  Good cause appearing, the request of attorney Mark D.
24 Greenberg to withdraw as attorney of record for petitioner will
25 be granted.

26 ///

3

1      There currently exists no absolute right to appointment of
2 counsel in habeas proceedings.  <u>See</u> <u>Nevius v. Sumner</u>, 105 F.3d
3 453, 460 (9th Cir. 1996).  However, 18 U.S.C. § 3006A authorizes
4 the appointment of counsel at any stage of the case "if the
5 interests of justice so require."  <u>See</u> Rule 8(c), Fed. R.
6 Governing § 2254 Cases.  In the present case, the court does not
7 find that the interests of justice would be served by the
8 appointment of counsel at the present time.  Accordingly,
9 petitioner's request for the appointment of counsel will be
10 denied.  Any request for the appointment of counsel on appeal
11 should be made to the United States Court of Appeals for the
12 Ninth Circuit and not to this court.
13      Accordingly, IT IS HEREBY ORDERED that:
14      1.  A certificate of appealability is issued in the
15 present action;
16      2.  Petitioner's request to proceed in forma pauperis
17 on appeal is granted;
18      3.  The request of Mark D. Greenberg to withdraw as
19 petitioner's attorney of record is granted; and
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///

4

1   4.  Petitioner's request for the appointment of counsel on
2 appeal is denied without prejudice to its renewal in the United
3 States Court of Appeals for the Ninth Circuit.
4 DATED: June 16, 2005

```
                              _____
                              MORRISON C. ENGLAND, JR
                              UNITED STATES DISTRICT JUDGE
```